**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND**

| | |
|---|---|
| NICHOLAS WALTERS, )<br>)<br>Plaintiff )<br>) **Case No.:**<br>v. )<br>) **COMPLAINT AND DEMAND FOR**<br>ADT, LLC d/b/a ADT SECURITY ) **JURY TRIAL**<br>SERVICES, )<br>)<br>Defendant ) | |

## **COMPLAINT**

NICHOLAS WALTERS ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ADT, LLC D/B/A ADT SECURITY SERVICES ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## **JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Maryland and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## **PARTIES**

5. Plaintiff is a natural person residing in Marlboro, Maryland 20722.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation that has its headquarters located at One Town Center Road, Boca Raton, Florida 33486.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning on or about summer 2017 and continuing through January 2018, Defendant called Plaintiff on his cellular telephone on a repetitive daily basis, typically calling him multiple times per day.

13. Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew that Defendant's calls were automated as he would be routinely greeted by a delay or a pause prior to being transferred to one of Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes."

16. In or around early September 2017, Plaintiff spoke to Defendant and requested that Defendant stop calling him.

17. This was Plaintiff's way of revoking any previously given consent for Defendant to call his cellular telephone.

18. Defendant heard and acknowledged Plaintiff's request to stop calling his cellular telephone.

19. Despite the above, Defendant continued to call Plaintiff excessively each day through January 2018.

20. Defendant's additional calls were upsetting, stressful and aggravating to Plaintiff throughout this time period.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for "emergency purposes."

26. Defendant's calls to Plaintiff, on and after early September 2017, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, NICHOLAS WALTERS, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NICHOLAS WALTERS, demands a jury trial in this case.

                                        RESPECTFULLY SUBMITTED,

DATED: July 13, 2018          KIMMEL & SILVERMAN, P.C.

                                By: */s/ Amy L. Bennecoff Ginsburg*
                                       Amy L. Bennecoff Ginsburg, Esq.
                                       Kimmel & Silverman, P.C.
                                       30 E. Butler Pike
                                       Ambler, PA 19002
                                       Phone: (215) 540-8888
                                       Fax: (877) 788-2864
                                       Email: aginsburg@creditlaw.com